```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

THUAN MINH PHAM                                              PETITIONER

VS.                         CIVIL ACTION NO. 5:14-cv-67(DCB)(MTP)

BARBARA WAGNER                                               RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

This cause is before the Court on the petitioner Thuan Minh Pham's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 **(docket entry 1)**. Magistrate Judge Michael T. Parker has made a Report and Recommendation **(docket entry 11)** to the Court recommending denial of the petition, and the plaintiff has filed objections thereto (docket entry 12).

The petitioner is currently incarcerated at the Federal Correctional Institution-Gilmer in Glenville, West Virginia. However, at the time he filed his petition, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Because jurisdictional facts must be judged as of the time the complaint is filed, the Court maintains jurisdiction over the petition despite petitioner's transfer to FCI-Gilmer. See Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001).

The Bureau of Prisons ("BOP") uses a system of Public Safety Factors as an aid to determine the level of security necessary for a particular inmate in order to insure the public's protection. See BOP Program Statement 5100.08, Ch.5, pp.8-11. The BOP assigned

the petitioner a Public Safety Factor ("PSF") of "Deportable Alien." This PSF is assigned to inmates who are not citizens of the United States. See BOP Program Statement 5100.08, Ch.5, p.9. The designation of "Deportable Alien" requires an inmate be housed in an institution with a security level of no less than "Low."

In his Petition, petitioner argues that he is a non-deportable alien and, therefore, should not be subject to increased security measures. According to the petitioner, because he is a Vietnamese citizen who arrived in the United States prior to July 12, 1995, he is not subject to deportation. He cites the 2008 repatriation agreement between the United States and Vietnam, in which Vietnam agreed to accept deportees who arrived in the United States on or after July 12, 1995. The petitioner argues that, by designating him as a "Deportable Alien," the BOP has wrongfully (1) prohibited him from being placed in a minimum security prison, (2) prohibited him from participating in a residential drug abuse program ("RDAP"), (3) prohibited him from participating in a residential reentry center ("RRC"), (4) prohibited him from being transferred to a facility closer to his family, (5) prohibited him from being reunited with his family at the earliest possible time, and (6) prohibited him from participating in Federal Prison Industries. The petitioner argues that applying the PSF of "Deportable Alien" is in error and constitutes a violation of his constitutional rights, specifically the rights afforded by the Due Process Clause.

2

In his Report and Recommendation, Magistrate Judge Parker examines whether the petitioner has properly brought this action as a habeas corpus petition. When an action challenges the fact or duration of an inmate's confinement, it is a habeas corpus matter. Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983). On the other hand, an inmate's challenge to the conditions of confinement is properly pursued as a civil rights challenge under Section 1983 or Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't., 37 F.3d 166, 168 (5th Cir. 1994).

As the Fifth Circuit has explained, the distinction becomes "blurry" when an inmate challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997). Thus, the Fifth Circuit has "adopted a simple, bright-line rule for resolving such questions." Id.

If a favorable determination of an inmate's claims would not automatically entitle the inmate to accelerated release, the proper vehicle is a civil rights suit. Id. Because the petitioner is not seeking immediate or early release from custody, and is instead seeking to have his PSF of "Deportable Alien" removed so that he will be eligible for programs that could reduce his sentence, he has not alleged that a favorable determination would automatically entitle him to a speedier release from custody. Thus, the proper

vehicle for raising his claims would be a civil rights suit. Id; see also, Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges to other prison decisions – including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under section 1983 or Bivens."). Because the petitioner does not meet the bright line test established by the Fifth Circuit (that a favorable determination will automatically entitle him to accelerated release), the petitioner cannot pursue these claims in a Section 2241 petition.

Furthermore, to the extent the petitioner has presented civil rights claims, he has not asserted a violation of a constitutionally-protected right entitling him to relief pursuant to Bivens. In order to succeed on a Bivens claim, a plaintiff must show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of Federal law. Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985).

The petitioner argues that because he is not deportable, he should have an opportunity to participate in certain programs and receive certain benefits. He also claims that the refusal to remove his PSF of "Deportable Alien" constitutes a violation of his rights afforded by the Due Process Clause.

4

Magistrate Judge Parker finds that the BOP's decision to classify petitioner as a "Deportable Alien," despite the fact that he will not be deported, does not give rise to a constitutional claim.  Although the petitioner claims that he has been deprived of liberty without due process because the BOP refuses to remove his PSF of "Deportable Alien" and transfer him to a facility where he has the opportunity to participate in certain programs and receive certain benefits, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotations omitted).  In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process.  LaCroix v. Marshall County, 409 Fed. App'x. 794, 803 (5th Cir. 2011).

As Magistrate Judge Parker explains, protected liberty interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which ... imposes an atypical and significant hardship on the

5

inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate. <u>Madison</u>, 104 F.3d at 767. Prison officials have discretion over inmate classifications, and inmates have no legitimate due process claim regarding these decisions. <u>See</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88 (1976). The United States Supreme Court has "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right .... The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system." <u>Id</u>. An inmate's classification and the resulting ineligibility for certain BOP programs do not impose an atypical and significant hardship. <u>See</u> <u>Becerra v. Miner</u>, 248 Fed. App'x. 368, 370 (3rd Cir. 2007)("Being classified with a PSF of deportable alien and its resulting consequences of disqualification for certain programs, as with any other security classification, is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law."). Moreover, it is well settled that inmates do not have a constitutionally protected right to serve a sentence in any particular institution. <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir. 1996).

Magistrate Judge Parker therefore finds that the petitioner

6

cannot pursue his claims in a petition for writ of habeas corpus. The Magistrate Judge recommends that the relief sought in the Petition for Writ of Habeas Corpus be denied and that the petitioner's case be dismissed with prejudice.

In his objections, the petitioner contends that his habeas petition is the proper vehicle to address his complaints. However, he does not show that he is challenging the fact or duration of his confinement. Instead, he is challenging the conditions of his confinement, and his habeas petition is not the proper vehicle for relief.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 11)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the petitioner Thuan Minh Pham's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 **(docket entry 1)** is DENIED.

A Final Judgment dismissing this case with prejudice shall be entered of even date herewith.

SO ORDERED, this the 6th day of October, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE